[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, American Federation of State, County 
Municipal Employees, Local 1042, AFL-CIO (Local 1042) and John Mosby, president of Local 1042, appeal the decision of the state board of labor relations (the labor board) ordering the reinstatement of William Bruce and Joseph Mann as members of Local 1042 and ordering the plaintiffs to cease and desist from restraining Bruce and Mann in the exercise of their rights to question and criticize union officials. The labor board acted pursuant to General Statutes § 7-471. The plaintiffs appeal pursuant to §§ 7-471, 31-109 and 4-183. The court finds the issues in favor of the defendant labor board.
On May 20, 1994, Bruce and Mann filed a complaint with the defendant labor board alleging that Mosby and Local 1042 violated § 7-468 (a) via § 7-470 (b)(1). Specifically, Bruce and Mann complained that the plaintiffs threatened them and ultimately suspended them from the union because they had criticized Mosby. The labor board held a hearing on the complaint on May 19, 1995. Bruce and Mosby testified and submitted evidence to the board. Another union member, Robert Cole, also testified. CT Page 4001
In its February 8, 1996 decision the board found (1) that in a notice dated June 7, 1991 and posted to all union members, Mosby threatened to sue those union members who had signed a petition critical of Mosby; (2) that this threat was directed at Bruce and Mann, who, the board found, circulated the petition; and (3) that the plaintiffs wrongfully suspended Bruce and Mann from the union in retaliation for grievances they filed with their employer against Mosby. The board concluded that these actions violated § 7-470 in that they restrained and coerced Bruce and Mann from exercising the right, guaranteed by §7-468 to question and criticize the union and its agents.
Acting pursuant to General Statutes § 7-471, the labor board ordered the plaintiffs to cease and desist immediately from engaging in the prohibited conduct, to take affirmative steps to restore Bruce and Mann as union members in good standing and to expunge from union files any records of their expulsion.
The plaintiffs do not challenge the labor board's legal determination that §§ 7-468 and 7-470 prohibit the union from punishing or suspending members for questioning and criticizing the union or its agents or officials. Rather, the sole argument advanced by the plaintiffs in support of their appeal is, essentially, that the labor board's factual findings were not supported by the evidence.
"Judicial review of the [labor board's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, §§ 4-166 through 4-189), and the scope of that review is very restricted. . . . the trial court may [not] retry the case or substitute its own judgment for that of the [board]. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [board] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Greater Bridgeport TransitDist. v. State Board of Labor Relations, 232 Conn. 57, 63-64
(1995).
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for CT Page 4002 that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.)Dolgner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgnerv. Alander, 237 Conn. 272, 281 (1996).
Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
Unquestionably, these familiar rules governing and limiting the court's review of an administrative agency's factual findings apply to appeals of the labor board's decisions. General Statutes § 31-109 (b) provides in pertinent part: "The findings of the [labor] board as to the facts, if supported by substantial evidence, shall be conclusive."
The court has reviewed the entire record of this appeal. Substantial and competent evidence exists to support the labor board's conclusions that Mosby and the union engaged in conduct that coerced or restrained union members from exercising their rights to question and criticize the union and its officials. More precisely, the labor board had substantial-evidence before it to find that (1) the suspension of Bruce and Mann was an act of retaliation for the grievances they filed against Mosby; and (2) the June 7, 1991 notice threatened Bruce with a lawsuit in violation of § 7-468.[1] The court must affirm those findings, therefore, notwithstanding contrary evidence and testimony that may have been presented by the plaintiffs.
The appeal is dismissed. CT Page 4003
MALONEY, J.